DECISION
This case comes before this Court on appeal from a decision by the Rhode Island Ethics Commission (Commission) fining Joseph Casinelli (plaintiff) $7,500.00 for violations of the Code of Ethics: G.L. § 36-14-5(b), § 36-14-5 (e) and §36-14-6. Jurisdiction of this Court is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
The extensive travel of this case is as follows. Plaintiff was a member of the House of Representatives of the General Assembly from 1978 to 1990. On October 16, 1989, he was hired by the Rhode Island Solid Waste Management Corporation (RISWMC or the Corporation) as external affairs officer. See Transcript of Proceedings at Hearings in Re: Joseph Casinelli before the Commission, March 22, 1994, pp. 93-100; p. 14. Although such position had been posted and advertised, plaintiff had been actively recruited for the job. Tr. 3/22/94, pp. 94-100; 3/24/94, pp. 19-21. The purpose of plaintiff's position with SWMC was to improve the corporation's relationship and promote its good image with the General Assembly. Tr. 3/22/94, pp. 41, 95, and 98-99. He had been instructed to avoid all bills pertaining to anything that had an adverse impact on the Corporation. He was not permitted to convince legislators or influence them on bills one way or another relating to the Corporation. Tr. 3/22/94, pp. 81, 103, 112, 113 and 114. In both the 1990 and 1991 sessions, the Corporation was tracking 100 bills of which 90 were deemed by the Corporation to adversely affect it. Tr. 3/22/94, pp. 123 and 124. Both as a member of the General Assembly and as a member of the Solid Waste Management Corporation, plaintiff was a public official who fell under the Rhode Island Code of Ethics.
While employed by the Solid waste Management Corporation, plaintiff voted on at least six bills that the Commission determined affected the Corporation. In three cases, he failed to recuse himself from participation in voting and failed to file written statements in the House Journal in connection with votes on bills 90-S-1727, relating to a requirement for disclosure labels in connection with plastic bottles and containers, 90-H-7923, Sub-A, relating to the requirement that certain newspapers in the State of Rhode Island increase use of recyclable news print, and 90-S-2258, Sub-A, as amended, providing for the reorganization of the Rhode Island Department of Environmental Management. See Tr. 3/24/94 at 40-42, 48-55. Additionally, plaintiff failed to file written recusals in the House Journal and with the Commission prior to the House votes on bills 90-H-7770, as amended, relating to the recycling and disposal of tires, 90-H-7795, relating to the resource recovery system for the Solid Waste Management Corporation, and 90-H-9112, relating to the regulation of truck rates to and from landfills.See Tr. 3/24/94 at 38-40, 44-46. Plaintiff testified that it was the recusal practice in the General Assembly when he was in office for a member to leave the House chamber. Otherwise, if a member was present on the floor, he or she would be compelled to vote on a particular bill. Tr. 3/22/94, at 15-16, 38-40.
On or about June 15, 1992, a complaint against plaintiff was filed with the Ethics Commission alleging he violated the Code of Ethics, R.I.G.L. § 36-14-1 et seq., during the time period between October 1989 to December 1991. See Notification to Respondent of Receipt of Complaint dated June 16, 1992.[1]
Notification was forwarded to plaintiff on June 16, 1992 informing him that such Complaint would be referred to an investigating committee of the Commission pursuant to R.I.G.L. 1956 (1990 Reenactment) § 36-14-12 (d)(1) and (2), as amended by P.L. 1991, ch. 177 § 1 for a determination of the sufficiency of the allegations to state a violation of the Code of Ethics. Id. Plaintiff filed an answer to the complaint on June 26, 1992. On that same date, plaintiff received notice that pursuant to R.I.G.L. § 36-14-12 (d)(2) the Commission's investigating committee had determined that the complaint alleged sufficient allegations to warrant further investigation. See
Notice of Determination dated June 26, 1992.
On December 4, 1992, plaintiff received a motion to extend time to complete the Commission's investigation which was made pursuant to R.I.G.L. 1956 (1990 Reenactment) § 36-14-12 (c), as amended by P.L. 1992, ch. 436, § 1. See Motion to Extend dated December 2, 1992. The one hundred eighty days within which the Commission was to complete its investigation was set to expire December 12, 1992. The motion stated that the Commission's attorney had not had time to review the investigatory material and complete a report. See Id.
Plaintiff received a Notice to Respondent of Hearing Regarding Probable Cause and Right to Appear and a Copy of Special Counsel's report of Probable Cause/Amendment of Complaint on July 30, 1993. The hearing notice set August 10, 1993 as the date for the probable cause hearing and stated that it would be held in Executive Session as an investigative proceeding pursuant to the Open Meetings Act exemption, R.I.G.L. § 42-46-2. See
Notice of Hearing. Such notice further stated that the investigation of the complaint was closed as of April 16, 1993.Id. Plaintiff requested permission to examine and make copies of all evidence in the possession of the Commission relating to the complaint pursuant to R.I.G.L. § 36-14-12 (c)(4) but was denied such permission by the Commission's former Executive Director. See Respondent's Objection to Hearing Regarding Probable Cause dated August 5, 1993. Plaintiff further responded to the hearing notice by filing objections to the complaint and the probable cause hearing as well as a motion to dismiss on the grounds that the Commission had not completed its investigation by making any findings on the complaint within 180 days of its receipt as required by R.I.G.L. § 36-14-12 (c).
A probable cause/dismissal hearing was held before the Commission on August 10, 1993. In response to plaintiff's motion to dismiss, the Commission produced an affidavit of a Commission clerical employee which stated that the second continuance was scheduled to be requested and was granted at a Commission meeting on February 2, 1993. See Affidavit of Patricia F. Barker. There were no minutes produced of the meeting at which the second sixty (60) day extension was granted. After calling for additional memoranda, a supplemental hearing was held or August 24, 1993 at which time the Commission denied appellant's motion to dismiss finding that the requirements of R.I.G.L. § 36-14-12 (c) had been met "in connection with the conclusion of the investigation and the scheduling of the hearing regarding probable cause." See
Order dated August 30, 1993. The Commission also allowed an amendment to the Complaint and granted Special Counsel's motion to issue a finding of probable cause. See Id. On September 8, 1993, the Commission issued its decision and order which set out the violations complained of and the manner in which they occurred along with a time for an adjudicative hearing. See
Decision and Order at p. 1, et. seq.; See also Notice to Respondent of Hearing dated July 27, 1993.
On September 28, 1993, plaintiff filed an interlocutory appeal to the Superior Court challenging the denial of the motion to dismiss. Plaintiff sought a stay of the Commission's adjudicatory proceedings on the ground that the 180 day time limitation for completion of investigations was jurisdictional and had been violated by the Commission. That stay was denied by the Superior Court. See Joseph Casinelli v. Rhode island EthicsCommission et al, C.A. 93-5376. Plaintiff then appealed the denial of stay and filed a petition to stay pendente lite and a petition for certiorari to review the proceedings below to the Supreme Court. That Court denied plaintiff's stay request and dismissed the appeal and the petition for certiorari without prejudice. See Order, Joseph Casinelli v. Rhode Island EthicsCommission, et al, Supreme Court No. 94-70 Appeal and 94-45 M.P.
An adjudicatory hearing was held before the Commission on the complaint on March 22 and March 24, 1994. At that time plaintiff renewed his motion to dismiss, which was denied. On April 6, 1994, the Commission published a written final decision and order in which it found plaintiff had not violated R.I.G.L. §36-14-5 (a) by accepting the position with RISWMC while he was a member of the House of Representatives. However, it upheld three violations of R.I.G.L. § 35-14-5 (b) for voting on three bills with impaired judgment three violations of R.I.G.L. §36-14-5 (e) for representing his employer's interest before the legislature, and six violations of R.I.G.L. § 36-14-6 for failing to file sworn statements disclosing his potential conflict in deliberating and debating on matters affecting RISWMC. See Decision and Order at p. 13-14. The Commission fined plaintiff $7,500.00 payable in twenty (20) days. Plaintiff timely appealed such decision of the Commission to this Court.
On August 10, 1994, the Commission filed a collateral action in the Superior Court seeking to collect the fine it had imposed. Thereafter, plaintiff filed a motion to stay enforcement of the Commission's decision and order which was granted by that Court.
Standard of Review
The review of a decision of the Commission by this Court controlled by R.I.G.L. § 42-35-15 (g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458.
Time Limitations for Completing Investigation
The plaintiff argues that the Commission failed to complete its investigation of the ethics complaint within the time constraints required by R.I.G.L. § 36-14-12 (c).[2] He states that the statutory language requiring that the Commission complete its investigation within 180 days with the possibility of sixty (60) day extensions where good cause is shown means that there must be a probable cause finding within such time limitation. Plaintiff contends that his substantial rights have been harmed by this failure to follow the statutory guidelines, and his appeal should be granted.
R.I.G.L. 1956 (1990 Reenactment) § 36-14-12 (c) as amended by P.L. 1992, ch. 436 states in pertinent part that:
 Upon receipt of a written complaint alleging a violation of this chapter, the Commission shall within one hundred eighty (180) days of receipt of the written complaint complete its investigation; provided, that the commission may, for good cause shown, grant no more than two (2) extensions of sixty (60) days each.
The meaning of the phrase "complete its investigation" has not been defined in the statute itself and has never been construed by this State's Supreme Court. However, it is a well-established principle that statutory terms are given their plain and ordinary meaning unless there is a contrary intent shown on the face of the statute. Little v. Conflict of InterestComm'n, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979). Moreover, if the language is plain and unambiguous, then there is no need for construction and the plain ordinary meaning attaches.
In the instant case the operative words in the statute are "complete" and "investigation." Both words are plain on their face and are defined simply as follows: "Complete" means "to finish, to end, to conclude"; "investigation" means "an investigating; careful search; detailed examination; systematic inquiry." Webster's New Universal Unabridged Dictionary, 2d. ed. New York 1983 (p. 370); Id. at 366. Accordingly, pursuant to the plain language of the statute, while the Commission's inquiry of the matter should be completed within the time frame set cut, it is not necessary that a probable cause finding be made in order for the Ethics Commission's "investigation [to] be completed." Further, R.I.G.L. § 35-14-12 (c)(4) sets out the procedure in the statute where such investigation reveals probable cause to support the allegations of the complaint, and such section contains no time frame for the Commission to make such findings. As the statute is plain on its face, the Court will not expand it to require the probable cause finding within the time period set out in R.I.G.L. § 36-14-12 (c).
Such interpretation by this Court is further supported by the fact that the Legislature removed the language from R.I.G.L. § 36-14-12[3] which required a determination of probable cause within one-hundred eighty days and two possible sixty (60) day extensions in its most recent revision. Compare R.I.G.L. § 36-14-12, as amended by P.L. 1991, ch. 177, § 1[4] to R.I.G.L. § 36-14-2, as amended by P.L. 1992, ch. 436 § 1. The Legislature is presumed to understand the nature of prior legislation and the effects of any judicial interpretation of that legislation. Defenders of Animals, Inc. v. D.E.M.,553 A.2d 541, 543 (R.I. 1989). Further, the Legislature must be presumed to know how to amend and repeal statutes. Brennan v. Kirby,529 A.2d 633, 637 (R.I. 1987). Accordingly, it can only be concluded that such removal by the Legislature was intentional and this Court will not restore such requirement to the statute.
In the instant action, the complaint was originally filed on June 15, 1993. See Notification to Respondent of Receipt of Complaint. The Commission then had one hundred eighty days to complete its investigation with the possibility of two sixty (60) day extensions for good cause shown. One hundred eighty days from June 15, 1992 would have expired on December 12, 1992. On December 4, 1992, before time for the investigation had expired, the Commission's attorney made a motion to extend time to complete the investigation because he "had not had time to review the investigatory material" within the one hundred and eighty (180) days because the attorney overseeing the matter had resigned on November 27, 1992. Such extension was granted and was set to begin on December 17, 1992. According to the records of the Commission, the first extension was set to expire on February 15, 1993.[5] See Affidavit of Patricia P. Barker at 5. A second sixty (60) day extension was requested at the February 2, 1993 hearing of the Commission, which was also granted. See Id. According to the Commission's records, such extension was set to expire on April 16, 1993. Id. The Commission's investigation was completed as of April 16, 1993.[6] See Minutes of the Executive Session of the Rhode Island Ethics Commission, Tuesday, December 8, 1992; See also Special Counsel's Report Probable Cause/Amendment of Complaint at p. 1. It is apparent from the record that here was a five (5) day gap between the lapse of the original one hundred and eighty (180) day period on December 12, 1992 and the beginning of the first sixty (60) day extension on December 17, 1992. However, this Court notes that nothing in R.I.G.L. § 36-14-12 requires the two sixty (60) day extensions to follow after the initial one-hundred eighty day period without interruption. Further,
Plaintiff has failed to show that such gap prejudiced him and, accordingly, will not reverse the decision of the Commission.
Plaintiff contends that the RI Supreme Court case ofDeAngelis v. RI Ethics Commission, et al, 656 A.2d 967 (R.I. 1995), is controlling in the present action asserting that such case stands for the proposition that the violation of the one hundred and eighty (180) day rule rendered the Commission without jurisdiction to proceeding adjudication. This Court disagrees. In that case, the Supreme Court decision ordering the Commission to dismiss certain complaints was based on the fact that such complaints had been withdrawn by complainants and refiled in order to come under the 1992 revision of R.I.G.L. § 36-14-12. Otherwise, the Commission would have been unable to comply with the time constraints of the 1991 revision. The Supreme Court did rot reach the issue of whether further activities of the Commission violated R.I.G.L. 1956 (1992 Reenactment) §36-14-12, as amended by P.L. 1992 ch. 436, § 3[7].
Finding of Violation of § 36-14-5 (b)
The Commission found plaintiff to have violated R.I.G.L. § 36-14-5 (b)[8] in that his
 actions in connection with voting on 90-5-1727, 90-5-7923 Sub A, and 90-S-2258 Sub A, while serving as a member of the Rhode Island House of Representatives and as Chair of the House Corporations Committee, and while simultaneously engaged as the said full-time external affairs officer of the Rhode Island Solid Waste Management Corporation, represented activities which impaired his independence of judgment.
Decision and Order at 14. In support of this conclusion the Commission found that:
 While the respondent was simultaneously employed by the Solid Waste Management Corporation and serving as a member of the House of Representatives, he failed to recuse and voted on certain bills which the said Solid Waste Management Corporation otherwise had an interest.
Id. at 12. This Court is satisfied that the Commission had before it ample evidence as to this violation.
Before the Commission was evidence that plaintiff voted on three bills which had an effect or. SWMC 90-S-1727 (disclosure requirement for plastic bottles and containers); 90-H-7923 Sub A (requiring the increased use of recyclable news print for certain newspapers); and 90-S-2258 Sub A, as amended (reorganization of the RI Department of Environmental Management). These three bills were on the list of bills which would impact SWMC if passed. Also, before the Commission was the fact that the SWMC was tracking 100 bills of which 90 were deemed to adversely affect it. Tr. 3/22/94, pp. 123-124. Plaintiff also testified that he had been instructed to avoid all bills pertaining to anything that had an adverse impact on SWMC and that he was not permitted to convince legislators or influence them on bills one way or another relating to the Corporation. Tr. 3/22/94, pp. 81, 103, 112, 113 114. Additional evidence before the corporation demonstrated that plaintiff had made a decision to accept the position with SWMC despite the admonitions of the Corporation's counsel or supervisors over possible conflicts of interest. At the time of the ethics violations, plaintiff was employed on a full-time basis with SWMC, was serving as a member of the house of Representative, and was chairing the House Corporations Committee. Finally, Plaintiff himself testified that: "if they [any bills] adversely affected the Corporation, they couldn't be good bills." Tr. 3/22/94, p. 123-125.
The foregoing legally competent evidence substantially supports the Commission's decision finding the plaintiff violated R.I.G.L. § 36-14-5(b) in that his independence of judgment in carrying out his official duties was impaired by his position with SWMC. It was not necessary that such impairment arise at the moment plaintiff accepted the employment.
Violations of R.I.G.L. § 36-14-5 (e)
Plaintiff's next exception is with the Commission's finding that he violated R.I.G.L. § 36-14-5 (e). That statute states in pertinent part that:
 (e) No person subject to this code of ethics shall:
 (1) Represent himself before any state or municipal agency of which he is a member or by which he is employed until he shall first (A) advise the said state or municipal agency in writing of the existence and the nature of his interest in the matter at issue, and (B) recuse himself from voting on or otherwise participating in the said agency's consideration and disposition of the matter at issue.
 (2) Represent any other person before any state or municipal agency of which he is a member or by which he is employed.
 (3) Act as an expert witness before any state or municipal agency of which he is a member or by which he is employed with respect to any matter the said agency's disposition of which will or can reasonably be expected to directly result in an economic benefit or detriment to himself, his spouse (if not estranged) or any dependent child, or any business associate of said person or any business by which said person is employed or which said person represents.
 (4) Shall engage in any of the activities prohibited by subsection (e)(1), (e)(2), or (e)(3) of this section for a period of one (1) year after he has officially severed his position with said state or municipal agency; provided, however, that this prohibition shall not pertain to a matter of public record in a court of law.
The Commission found that plaintiff's votes on bills 90-S-1727, 90-S-7923 Sub A, and 90-S-2258 Sub A "constituted the representation of the Respondent's employers' interest before the legislature." See Decision and Order at 14. Such conclusion was not supported by substantial evidence in the record.
The word "represents" in R.I.G.L. § 36-14-5 (e) is defined in R.I.G.L. § 36-14-2 (10) as the following.
 "A person "represents" another person before a state or municipal agency if he is authorized by that other person to act, and does in fact act, as that other person's attorney at law or his attorney in fact in the presentation of evidence or arguments before that agency for the purpose of influencing the judgment of the agency in favor of that other person."
Under the rules of statutory construction, a penal statute is subject to strict and narrow construction. State v. Smith,662 A.2d 1171, 1175 (R.I. 1995). The plain meaning of the phrase "in the presentation of evidence or arguments before that agency" contemplates some type of formal action on the part of an individual. The Rhode Island House of Representatives has procedures by which an individual presents evidence and argues regarding an issue before that body. The record is devoid of any evidence indicating that Plaintiff presented any evidence or made any arguments relating to bills affecting SWMC. The Commission's finding that Plaintiff's accompanying Patrick Fingliss into the House Chambers and his forwarding of legislative tracking sheets to the leadership of the General Assembly constituted "representing" SWMC as defined in the statute was made in excess of the statutory authority of the agency. Accordingly, the Commission erred by finding that Plaintiff's actions violated R.I.G.L. § 36-14-5 (e).
Violation of R.I.G.L. § 36-14-6
Plaintiff's final exception is with the Commission's finding that he violated R.I.G.L. § 36-14-6. R.I.G.L. § 36-14-6
prescribes the steps that an official must take when his or her official activities require him or her "to take an action, make a decision or refrain therefrom that will or can reasonably be expected to directly result in an economic benefit to the person" his or her spouse, business associate or employer. Such requirements include filing a sworn statement describing the potential conflict with the Commission and the head of the legislative body so that it may be recorded in the body's journal. The Commission found that this statute was violated because Plaintiff failed to file sworn statements with either the Ethics Commission or the General Assembly to disclose his potential conflict in deliberating or voting on bills 90-S-1727, 90-S-7923, Sub A, 90-S-2258, Sub A, 90-H-7770, as amended, 90-H-7795 and 90-H-9112.
A review of the record indicates that the Commission had before it evidence that Plaintiff failed to file any written statements with either the General Assembly or the Commission regarding his employment with regard to all the votes. Bills 90-H-7770, 90-H-7795, 90-H-7923, Sub A, 90-H-9112, 90-H-9157, 90-S-1727 and 90-S-2258 were all listed on the Tracking Form for Bills affecting SWMC prepared by that Corporation. (See Exhibit 11). Further, the evidence indicates that Plaintiff failed to file written statements in the House Journal in connection with bills 90-S-1727, 90-H-7923 Sub A, and 90-S-2258, Sub A and failed to file written reversals in the House Journal or with the Commission prior to voting on 90-H-7770, as amended, 90-H-7795 and 90-H-9112. Such action by Plaintiff is directly proscribed by R.I.G.L. § 36-14-6. Further, the Commission's determination that such bills would bring economic benefit to Plaintiff's employee is not clearly erroneous in light of the substantial, probative evidence.
Conclusion
After a review of the entire record, this Court finds that the Commission's decision finding that Plaintiff violated the Rhode Island Code of Ethics at R.I.G.L. § 36-14-5 (b) and § 36-14-6 is supported by reliable, probative and substantial evidence and has not prejudiced substantial rights of the Plaintiff. However, the record does not support a finding of a violation of R.I.G.L. § 36-14-5 (e) which requires a finding that Plaintiff "represent" his employer in the House of Representative. Accordingly, the Commission's Decision and Order is affirmed as to the violations of R.I.G.L. § 36-14-5 (b) and § 36-14-6 and reversed as to the violation of R.I.G.L. § 36-14-5 (e). The total fine of $4,500 is payable in twenty (20) days.
Counsel shall prepare the appropriate order.
[1] The applicable law in effect at the time the plaintiff was committing the acts in question was R.I.G.L. 1956 (1984 Reenactment), § 36-14-5 (b), 36-14-5 (e), and 36-14-6, as amended P.L. 1987, ch. 195, § 3. The 1990 reenactment made no substantive revisions to these sections of the statute.
[2] The procedure of the case at bar was governed by R.I.G.L. 1956 (1990 Reenactment) § 36-14-12, as amended by P.L. 1992, ch. 436, § 1, as there was no probable cause finding in the case on that Public Law's effective date of July 21, 1992. See
P.L. 1992, ch. 436, § 3.
[3] Due to the deletion of another section, the lettering of the "probable cause section" of the statute was changed from (d) in the 1991 Public Law to (c) in the 1992 Public Law.
[4] R.I.G.L. § 36-14-12, as amended by P.L. 1991, ch. 177, § 1 states in pertinent part that:
Any such investigating Committee shall make its determination pursuant to subsection (d) of this section within one hundred eighty (180) days of receipt of the written complaint, provided that the Commission may, for good cause shown, grant no more than two extensions of sixty (60) days each.
[5] There appears to be some controversy regarding the time periods required by the statute. According to the Commission records, the first extension was set to expire on February 15, 1993. However, sixty-five (65) days from December 12, 1992 (the date one-hundred eighty (180) days expired) should have been on February 10, 1993. It is not clear why the Commission granted the extension from December 17, 1992 rather than December 12, 1992.
[6] As the statute requires no official procedure for "completing an investigation," this Court will not now create one and not overturn the Commission's finding of fact.
[7] This Court also notes that, contrary to Plaintiff's claim, R.I.G.L. § 36-14-12 (c)(4) requires the Commission to allow a respondent to make copies of all evidence relating to the complaint before the full hearing on the complaint, not before the finding of probable cause is made. See R.I.G.L. §36-14-12 (c), as amended by P.L. 1992, ch. 436, § 3.
[8] R.I.G.L. § 36-14-5 (b) states:
(b) No person subject to this code of ethics shall accept other employment which will either impair his independence of judgment as to his official duties or employment or require him, or induce him, to disclose confidential information acquired by him in the course of and by reason of his official duties.