DECISION
This matter is before the Court on plaintiff's Motion to Stay an Order of defendant Ethics Commission requiring the release (public release) of a certain "Investigative Report" dated August 11, 2000. The Investigative Report was appended to certain notices addressed to plaintiff from the Ethics Commission similarly dated August 11, 2000 and inter alia stated that the Report and any written response filed with respect thereto would be made public upon "either a Finding of Probable cause or a Dismissal of the Complaint(s)" all pursuant to Commission Regulation 1006(a).
The record before the Court discloses that on June 19, 2000, plaintiff[1] and another person filed separate complaints with the Commission naming plaintiff here as respondent. The complaints were entered in the Commission records as separate cases — specifically # 2000-4 and 2000-5. Following investigation by the Commission staff, the aforementioned Investigative Report was prepared and the aforesaid notices were forwarded to plaintiff. The notices specified a place, date and time for a hearing with respect to probable cause. Thereafter and before the date set for the probable cause hearing, plaintiff instituted this proceeding seeking injunctive and declaratory relief. During the pendency of this litigation, on October 17, 2000, an Order was entered by the Commission in its records determining that probable cause existed to support the finding of multiple violations of the State of Rhode Island's Code of Ethics. Subsequently that Order and the finding of probable cause was amended. Neither the Order, nor the amendment thereof was provided to this Court and are not part of the record here.
On January 12, 2001, plaintiff sought an Order which was granted precluding the Commission from releasing the Investigative Report pending submission of Memoranda by the parties on the issue of whether Title 36-14.12(c)(6) of the General Laws of Rhode Island, 1956, 1997 Reenactment, as amended, precluded defendant Commission from making the Investigative Report public. The parties have submitted memos, the Court has heard arguments of counsel and the Court has been furnished with a copy of the Investigative Report which it has reviewed in camera.
The Commission argues to the Court that in 1993 "In an effort to lift the veil of secrecy behind which the Commission previously had conducted its investigation," it adopted a series of practice and procedure regulations including Regulation 1006(a) which reads as follows:
 Regulation 1006 — Finding of Probable Cause.
 (a) The Executive Director or designee shall submit a written report to the Commission summarizing the results of the investigation. The Executive Director or designee may make a recommendation as to the existence or non-existence of probable cause. A copy of this written report shall be sent to the Respondent and/or counsel no less than fourteen (14) days before the scheduled hearing regarding the existence of probable cause. A copy of any report, and written response thereto, so submitted shall be made public and a part of the official Commission Complaint file, upon the issuance by the Commission of either a Finding of Probable Cause or a Dismissal of the Complaint. [Emphasis added].
Relying on that Regulation. the Commission concludes that it must, following the Finding of Probable Cause, as aforesaid, disclose the Investigative Report here in question. Plaintiff urges upon the Court the well-settled legal principal that a commission regulation may not contravene a legislative act for, as this Court stated unequivocally in DeAngelis v. Rhode Island Ethics Commission, 656 A.2d 967, 970 (R.I. 1995). "the Rhode Island Ethics Commission, like all other agencies of the state is subject to enacted statutory law which is presumed to be valid." Doe v. Rhode Island Ethics Commission, 707 A.2d 625 (R.I. 1998).
Plaintiff argues that the provisions of Regulation 1006(a) underscored above are contrary to and inconsistent with the clear mandate of §36-14-12(c)(6) which in its entirety reads as follows:
 "Nothing in this section shall be construed to authorize the Commission to make its investigatory records public."
Plaintiff here seeks a determination by this Court that where there is a clash between Commission regulations and statutory language that is free from ambiguity and which expresses a clear and sensible meaning, the statute must be applied literally. Of course in this contention, plaintiff is correct. However, here this Court fails to find any obvious abstract disharmony between the regulations and the quoted statute. Having so held the Court now turns to the specifics of the "written report to the Commission summarizing the results of the investigation" — the Investigative Report which the Commission here seeks to make public.
The report is 24 pages long to which are appended an additional 29 pages consisting of portions of transcripts of deposition testimony of various witnesses and documents obtained by the Commission staff in the exercise of the investigative powers bestowed on the Commission by the provisions of § 36-14-12(a) of the General Laws. In format, the Investigative Report is divided into several sections as follows:
 I. Status of the Case which, in one brief paragraph, lays out procedurally that the complaints were filed, the date on which the Commission made an initial determination that the complaints properly alleged violations of the Code of Ethics and the date on which the investigation concluded.
 II. Violations Alleged in the Complaints. This section, in a page and one-half, summarized the complaints filed by plaintiff and by the other complainant, and further sets forth that the results of the investigation support Commission findings of violations by plaintiff of certain sections of the General Laws.
 III. Facts. This section, twelve and one-half pages long, starts with an introductory paragraph which indicates that the Commission staff, during the course of the investigation, interviewed and/or deposed 18 witnesses and reviewed certain documents either voluntarily produced to it or subpoenaed by it. The balance of this section purports to detail the relevant evidence "from this investigation."
 This Court holds that the literal application of § 35-14-12(c)(6) quoted above precludes the release at this time[2] of such evidence because, as indicated in this section, it was obtained during the Commission investigation and constitutes part of its investigatory records.
 IV. Recommendation. The final nine or so pages of the Investigative Report represent a broad brush discussion by the staff of their findings and their recommendations to the Commission that it find fifteen separate violations of § 36-14-5 entitled "Prohibited Activities". While it is abundantly clear to the Court that in writing this section it would have been necessary to rely on materials obtained during and thus making up part of the investigatory files of the Commission, it is also clear that the evidence itself in those files is not here set forth as in the preceding section.
There of course can be no question but that the exhibits to the Investigative Report are actually taken from the investigatory files of the Commission and thus cannot at this time be made public pursuant to the clear dictates of § 36-14-12(c)(6).
Based upon the foregoing the Rhode Island Ethics Commission will be enjoined from publicly issuing the Investigative Report unless redacted in a manner consistent with this Decision.
Counsel for the parties shall submit a joint order or competing separate orders not later than April 24, 2001. Such orders shall be consistent herewith and shall provide, inter alia, that a copy of the full investigative report as reviewed in camera by the Court, shall be made part of the record in this case and shall be ordered sealed subject to further order of the Court.
[1] Plaintiff at that time was the elected and acting Mayor of the Town of Cumberland. The complaints generally dealt with the sale by plaintiff to the town of law books and office furniture owned by the mayor and formerly used by him in his law practice.
[2] However, see § 36-14-13(f) providing except with respect to matters referred to the attorney general that public disclosure of final decisions shall be accompanied by ". . . the record of proceedings before the Commission upon which the final decision is based . . ."