**WASHINGTON HIGHWAY
DEVELOPMENT, INC.**

v.

**Robert L. BENDICK, Jr., Director,
Rhode Island Department of
Environmental Management.**

88–445–A.

Supreme Court of Rhode Island.

June 13, 1990.

Michael A. Kelly, John B. Webster, Adler, Pollock & Sheehan, Providence, for plaintiff.

Charles P. Messina, Mark W. Siegars, Dept. of Environmental Management, Howard Cohen, Charlotte, N.C., for defendant.

WEISBERGER, Justice.

This case comes before us on an appeal by Robert L. Bendick, Jr., Director of the Rhode Island Department of Environmental Management (director), from a summary judgment entered in the Superior Court ordering the director to issue a wetlands permit to Washington Highway Development, Inc. (Washington), as a sole result of the failure of the director to render a decision within six weeks of a public hearing that concluded October 5, 1987. We reverse. The facts of the case insofar as pertinent to this appeal are as follows.

Washington operates an automobile dealership in Smithfield, Rhode Island. On or about January 15, 1986, Washington applied to the Department of Environmental Management (DEM) for a permit to alter a freshwater wetland on property adjacent to its automobile dealership. The purpose of the permit was to allow Washington to expand its dealership for storage and display of motor vehicles. The expansion was believed to be necessary by Washington, owing to threats by distributors to terminate the franchise as a result of Washington's lack of space to meet expected market requirements. The application was filed pursuant to G.L.1956 (1976 Reenactment) § 2–1–21(a), as amended by P.L. 1983, ch. 9, § 1, which requires the approval of the director before altering the character of any freshwater wetland. Several hearings were held on the application, but the final hearing was held October 5, 1987. After the final hearing, transcripts were ordered and finally received by the hearing officer December 29, 1987.

Section 2–1–22(c) states that "following a public hearing, the director shall make his decision on the application and shall notify the applicant by registered mail, his attorney and any other agent or representative of the applicant by mail of this decision *within a period of six (6) weeks.*" (Emphasis added.) As a consequence of this provision of the statute Washington claimed that the director was compelled to render a decision by November 17, 1987.

It is undisputed that the director had not ruled on the application by that date.

On April 11, 1988, Washington filed a complaint for declaratory judgment pursuant to G.L.1956 (1985 Reenactment) chapter 30 of title 9. Washington also sought a judgment for mandamus pursuant to the jurisdiction of the Superior Court under G.L.1956 (1985 Reenactment) § 8–2–16 to issue this extraordinary writ in an appropriate case. On May 26, 1988 (approximately seven months after the conclusion of the public hearing), the director issued a decision denying Washington's application.

On September 26, 1988, a justice of the Superior Court granted Washington's motion for summary judgment and held that, as a matter of law, the director's failure to rule upon Washington's application within the six-week period allowed by § 2–1–22(c) precluded the director from denying the permit requested. On September 29, 1988, a judgment was entered reversing the denial of Washington's application and ordering the director to issue the permit. From this judgment the director appealed. In support of his appeal the director argues that the provision requiring a decision on a wetland application to be rendered within six weeks is directory rather than mandatory. With this argument we agree.

We have considered two cases similar to the case at bar that required by apparently mandatory language that decision makers take certain actions within a specified period.

In *Providence Teachers Union v. McGovern*, 113 R.I. 169, 319 A.2d 358 (1974), we were asked to consider whether the failure of an arbitration panel to call a hearing within ten days after the appointment of its members was fatal to the legality of the arbitration proceedings. A provision of the collective-bargaining agreement required that " '[t]he arbitrators shall call a hearing to be held within ten (10) days after their appointment.' " *Id.* at 177, 319 A.2d at 363. In fact a hearing did not begin until thirty-six days after the appointment of the neutral arbitrator. Although this language was couched in apparently mandatory terms, we held that the

"time in which the arbitrators were to call the hearing was not of such importance as to render the provisions mandatory as opposed to being merely directory." *Id.* at 177, 319 A.2d at 363–64. We stated that the purpose of the time provision was to have the matters speedily attended to by the arbitration panel. "Provisions so designed to secure order, system and dispatch are generally held directory unless accompanied by negative words." *Id.* at 177–78, 319 A.2d at 364. We went on to say that there was no language which expressed an intention to make compliance a condition precedent to action or which would invalidate a belated hearing.

In *Beauchesne v. David London & Co.*, 118 R.I. 651, 375 A.2d 920 (1977), we were confronted with a claim by an employer that the failure of the Workers' Compensation Commission to adhere to a statutory timetable voided an award to a claimant. The employer argued that G.L.1956 (1968 Reenactment) § 28–35–28 required that the full commission should render a decision following the expiration of a ten-day period for the filing of briefs after the filing of the reasons of appeal and transcript. In fact a decision by the full commission was not rendered within the period required by the statute but actually was filed nine months thereafter. In the same case the decision of the trial commissioner was rendered ten months after the conclusion of testimony although § 28–35–27 specified that he should render his decision within ten days after the hearing had concluded. Consequently the employer argued that both decisions were invalid. Citing *Providence Teachers Union v. McGovern, supra,* we held that although the statute was couched in mandatory terms, it was not mandatory in the sense that failure to comply voided the action taken.

We have also considered in the case of *Gryguc v. Bendick*, 510 A.2d 937 (R.I. 1986), the effect of an arguable failure on the part of the director to give notice to persons within a 500–foot radius of the perimeter of a proposed facility for hazardous waste disposal. We expressed the opinion in that case that the notice and

public-hearing provisions of G.L.1956 (1985 Reenactment) § 23–19.1–10(b) were not the essence of the act but were incidental to the regulatory scheme. We held that the health and safety of the public were the essence of the statute. We stated that the statutory provision concerning notice was directed at public officers and that, therefore, substantial though imperfect compliance would not vitiate the action of the agency.

Similarly, in the case at bar, we are of the opinion that the six-week requirement is directory rather than mandatory. Failure to meet that requirement would not deprive the director of jurisdiction or power to pass upon the application. As we pointed out in prior cases, the Legislature did not provide a sanction for the failure to meet this requirement. It is worthy to note that when the Legislature desires to provide a sanction in this area, it is quite capable of doing so. In a 1988 amendment the Legislature added § 2–1–22(i)(2). *See* P.L.1988, ch. 415, § 1. This section provides that if notice of the significant adverse effect of an agricultural activity is not given within thirty days, the applicant may proceed with construction without any liability for civil or criminal violation allegedly arising from the construction. It is obvious that no such sanction was provided in § 2–1–22(c). Consequently we are constrained to consider the six-week period as directory rather than mandatory. Therefore, the trial justice erred in granting summary judgment to Washington solely by reason of the fact that the director had not complied with the time limitation within which a decision should have been rendered.

We believe, however, in the circumstances of this case that Washington should not be deprived of its opportunity to challenge the director's decision on its merits. As a result, we shall provide that Washington may have a period of thirty-days from the date of filing of this opinion in which to seek review of the director's decision pursuant to G.L.1956 (1988 Reenactment) § 42–35–15.

For the reasons stated, the appeal of the director is sustained. The summary judgment entered in the Superior Court in favor of Washington for declaratory relief is hereby vacated without prejudice to the right of Washington to seek review in the Superior Court of the merits of the director's decision pursuant to § 42–35–15.[1]

1. Nothing in this opinion should be construed to deny the right of an applicant to seek mandamus relief ordering the director to decide a case within a reasonable time after the six-week period has passed. In the case at bar, the director had filed his decision before the judgment for mandamus had entered. Moreover, we do not preclude the possibility that in a given case the director's delay in acting upon an application might create such substantial prejudice to the applicant so as to warrant judicial relief. No such showing was made in the case at bar.