[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is before the Court on appeal from a decision of a Hearing Committee (hereinafter referred to as "Committee") constituted pursuant to G.L. 1956 § 42-28.6-1 et seq., the Law Enforcement Officers' Bill of Rights. Jurisdiction is pursuant to G.L. § 42-28.6-12.
 FACTS AND TRAVEL
The undisputed facts in this case indicate that on April 18, 2003, officers of the East Providence Police Force arrested Trent Manning for various traffic violations, and his car was towed to the back lot of the East Providence Police Station. A cursory inspection of the interior of the vehicle, including beneath the front seats, was made on the scene. Subsequent to the car's arrival at the station, an officer secured crime scene tape around the car from one side mirror, around the back of the vehicle, and on to the other side mirror. The windows of the vehicle were left open, the key was left in the ignition, and the car was not locked, in anticipation of the arrival of a K9 unit.
After several telephone calls between multiple officers, including a call from Detective Russell Tellier to the K9 officer, specifically urging him to look under the driver's seat in the vehicle, a K9 unit searched the vehicle. When the K9 unit arrived at the back lot to begin the investigation, they found that the tape had been ripped, and a piece of the tape was stuck under one of the tires. They further found that there were several marijuana buds scattered under the driver's seat and in the tracks of the seat, which had not been found in the prior inventory search. The K9 officer bagged the evidence, and reported his find. Based on the marijuana found in the vehicle he had been driving, Mr. Manning was then charged and held for an extended period of time.
Also undisputed by all parties is that Detective Tellier had a long, unblemished history with the department prior to this incident. Notwithstanding Detective Tellier's excellent record, the Committee found that subsequent to becoming aware that Mr. Manning had been arrested for traffic violations and that his car was being towed to the rear lot for a K9 search, Detective Tellier inquired of several officers where he could find some marijuana in the station. He was directed to the locker room, and was observed obtaining marijuana from the top of the locker area in the station by fellow officers. Decision at 3. The Committee further found that Detective Tellier planted the marijuana in Mr. Manning's vehicle, in an attempt to ensure that Mr. Manning would be held overnight, rather than released with a summons for the traffic violations that had served as the basis for his arrest and transport to the station. Decision at 2. The Committee determined that Detective Tellier was aware of Mr. Manning's "violent and dangerous past," and known drug history. Decision
at 2. Finally, in a vote of 2-1, the Committee found that the appropriate penalty for Detective Tellier's misconduct was to terminate his tenure with the East Providence Police Department. Appellant timely filed the instant appeal.
 STANDARD OF REVIEW
". . . [A]lthough `not a state agency within the meaning of the Administrative Procedures Act,' G.L. 1956 (1993 Reenactment) chapter 35 of title 42, 120 R.I. at 872-73, 391 A.2d at 120, a hearing committee under the Officers' Bill of Rights possesses quasijudicial authority similar to that exercised by state agencies under the Administrative Procedures Act." In reDenisewich, 643 A.2d 1194, 1197 (R.I. 1994). "Appeals from the decisions of such Hearing Committees are taken pursuant to G.L. §42-28.6-12, which provides that the Hearing Committee `shall be deemed an administrative agency and its final decision shall be deemed a final order in a contested case within the meaning of §§42-35-15 and 42-35-15.1.'" Daniels v. Andrukiewicz 2002 WL 31867872, at 2 (R.I. Super. 2002).
The standard for judicial review of contested cases under the Administrative Procedures Act is delineated in G.L. 1956 §42-35-15(g), which states:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law; (sic.)
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The review by the Superior Court is confined to the record of the administrative proceeding. Environmental Scientific Corp. v.Durfee, 621 A.2d 200, 204 (R.I. 1993). Moreover, "the Superior Court may not, on questions of fact, substitute its judgment for that of the agency whose action is under review." BarringtonSchool Committee v. Rhode Island State Labor Relations Board,608 A.2d 1126, 1138 (R.I. 1992). The court's role is limited to examining the record to determine if there is any competent evidence to support the agency's decision. "If there is sufficient competent evidence in the record, the court must uphold the agency's decision." Johnston Ambulatory SurgicalAssociates v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (citingBarrington School Committee, 608 A.2d at 1138).
When record findings are not developed sufficiently, the Superior Court has the authority to remand a case "to correct deficiencies in the record and thus afford the litigants a meaningful review." Lemoine v. Dept. of Mental Health,Retardation Hosps., 113 R.I. 285, 290, 320 A.2d 611, 614 (1974). See also Cullen v. Town of Lincoln, No. 01-212, slip op. at 5 (R.I. April 12, 2004).
 TIME REQUIREMENTS OF THE LAW ENFORCEMENT OFFICERS' BILL OF RIGHTS
In 1995, a Special Legislative Commission (Commission) was formed to review and revise the Law Enforcement Officers' Bill of Rights. In its report, the Commission stated that "[s]ince it's (sic) [original] enactment, the [hearing] process has come under criticism from both management and labor alike for the inordinate amount of time it took to commence and ultimately complete a hearing process." Commission Report at 7. The only reference to time constraints on the hearing board selection process as outlined in the prior enactment is stated in G.L. §42-28.6-1(B)(1) (1993 Reenactment):
 ". . . [t]he committee shall be composed of three (3) members; one member selected by the chief or the highest ranking officer of the law enforcement agency, one member selected by the aggrieved law enforcement officer and the third member shall be selected by the other two (2) members. In the event that the other two (2) members are unable to agree within ten (10) days, the two (2) members will make application to the presiding justice of the superior court and the presiding justice shall appoint the third member who shall be a law enforcement officer."
The statute as amended reduced the time for the selection of a chairman from ten (10) days to five (5) days. Additionally, §42-28.6-4 (d) and (e) limited the time in which the police officer and the charging law enforcement agency have to select a hearing officer to five (5) days each. Thus, once the charging agency has notified an officer of the nature of the charge and the recommended penalty, as well as the procedure to appeal, the officer has five (5) days to notify the agency of his or her request for an appeal, and his or her selection for a hearing officer. The charging agency then has five (5) days from the receipt of the officer's request to notify the police officer of its choice of hearing officer. The statute requires both parties to comply with this five (5) day limit; if the officer fails to provide a name to the charging agency within this time limit, his or her right to a hearing is deemed waived, and correspondingly, if the charging agency fails to respond with its selection within five (5) days from receipt of the officer's selection, the charges are deemed dismissed with prejudice. Both parties may request an extension of that time limit from the presiding justice of the Superior Court; however, they are required to show good cause for the delay.
Once the agency's choice is designated, the two hearing officers then must choose a third member to serve as the board's chairperson. General Laws § 42-28.6-4(f) (1995 reenactment) provides three possible avenues for this process:
 "(f) Within five (5) days of the charging law enforcement agency's selection of a hearing committee member, the hearing committee members selected by the officer and by the agency shall
 (i) jointly select a third hearing committee member, who shall serve as chairman of the hearing committee;
 (ii) petition the presiding justice of the superior court to select a third hearing committee member, who shall be an active law enforcement officer, and who shall serve as chairman of the hearing committee; or
 (iii) agree to an extension of time, not to exceed thirty (30) days, for the selection of a third hearing committee member."
It is then up to the newly selected chairperson to convene the hearing within thirty days of his or her appointment, and to complete the hearing within sixty (60) days from the commencement of the hearing. Finally, the decision of the hearing committee must be rendered within thirty (30) days of the completion of the hearing. Again, the statute governing the conduct of the hearing provides for the possibility that either party may request an extension of time from the presiding justice for good cause shown.
Appellant's initial claim before the Court rests on the statutory language of G.L. 1956 §§ 42-28.6-4 (f) and42-28.6-5(b). Appellant emphasizes that "nearly 11 weeks passed from the request for a hearing to the commencement of hearing."Appellant's Response at 2. He further notes that "either the selection of the chairman was not made in a timely manner or that the chairman did not call the hearing to order in a timely fashion." Id. Finally, he reasons that based on Presiding Justice Rodgers' decision in Rhode Island State Police v.Trooper Eve E. Marani, P.M. No.: 03-5741, November 12, 2003, that the statutory time limits of G.L. § 42-28.6-5(b) "[a]re of the essence and need to be strictly adhered to." Id. at 3.
Appellee argues initially that without presenting factual evidence regarding the delay, Appellant's argument must fail. Moreover, the City of East Providence (City) argues that the only party who could convene the hearing was the chairman who had been jointly selected by the parties; thus, whatever delay existed was out of the City's control. The City argues that it would be unduly prejudiced if the statutory time limits are strictly enforced by this Court and the decision of the Hearing Committee is overturned on those grounds.
Officer Tellier requested a hearing and provided the name of a Committee member on July 7, 2003, six (6) days after he received notice of the complaint lodged against him by Chief Norman Miranda of the East Providence Police Department. Referring to Rhode Island Superior Court Rules of Civil Procedure to compute time, the statutorily mandated fifth day was on a Sunday, so the officer was in compliance with the statute. The charging agency then responded promptly on July 9, 2003.
The record is then silent regarding the formation of the committee until September 5, 2003, when the chosen chairperson faxed a letter to the parties with a calendar, requesting information regarding the dates available to convene the hearing. Counsel for Appellant returned the calendar and a cover letter to the Committee indicating that he was principally available in the afternoons, but was in court "nearly each day during the month of September." Moreover, he indicated unavailability for the week of September 22, 2003. Subsequently, the chairperson of the Committee sent a letter on September 25, 2003, in which he stated "In keeping with the requirements of the L.E. Officers' Bill of Rights legal requirements I have been forced to select a meeting date that will require adjustments in your schedule. The hearing will begin on Monday, September 29th. . . ."
Neither party has proffered the date the chairperson was selected, although Appellant has provided an affidavit from the police officer's selection for the Committee, Retired-Lieutenant Ralph Ezovski. The affidavit stated that the chair was selected "within the statutory period." However, that period, barring either party's petition for an extension, may be up to 35 days in the event that the two members agree to extend the time for 30 days pursuant to G.L. § 42-28.6-4(f)(iii). Assuming that was the case, then it is possible that the chair only was chosen on August 13, 2003, whereupon the chair would then have until September 12, 2003 to convene the hearing.
In this case, the chair attempted, prior to the deadline, to select a mutually agreeable time at which to convene the hearing, but based on the letter from Appellant's counsel to the chairperson, it is clear that there was no mutually agreeable time within the statutory period. Therefore, the chairman chose the first day of the earliest week that Officer Tellier's counsel had free from his obligations to the court. Appellant correctly notes that, even utilizing the 35 days allowed by statute to choose a chair, and the full 30 days the statute allows for the chair to convene the hearing, it was convened 17 days outside the statutory time period. However, the delay could reasonably be interpreted as resulting from deference to the schedule of Appellant's own counsel.
Appellee's reliance on Marani is misplaced. The time period at issue in this case is distinguishable from that in theMarani case. In that case, Presiding Justice Rodgers had chosen the chairperson, and the hearing was conducted in a timely fashion. However the chairperson, apparently aware of the time constraints, nevertheless delayed issuing the written decision until well after the statutory limit. The Presiding Justice determined that prejudice was irrelevant, and reasoned that "in the spirit of the Act that was amend (sic) by the General Assembly, this Court has been consistent in requiring the agency and the officer to comply with the time limits imposed by law. Those time limits were violated." Thus, the Presiding Justice decided that the appropriate solution in that case was to convene a new hearing committee, and have the new committee reconsider the case. However, it is clear that in that case, the person at fault for the delay was clearly the chairperson, who had been chosen by the court. Moreover, the State Police in the Marani
case had filed a petition to compel the chairperson to produce the decision. In the present case, neither party offers an explanation for the delay, nor did either party protest the pre-hearing delay until after the decision issued.
Appellant next argues that the Hearing Committee is without power to "dismiss matters on procedural issues therefore it would be futile to raise such issues before the board itself."Apellant's Reply Brief at 3.[1] Appellee urges that it was incumbent on the officer to raise his objection to the delay at the hearing itself, or waive the right to object.
It is well settled that a matter not raised below is deemed waived on appeal. See e.g. State v. Rivera, 640 A.2d 524, (R.I. 1994). Moreover, the Rhode Island Supreme Court has considered the import of delays when applying statutes that appear to provide mandatory time constraints. In WashingtonHighway Development, Inc. v. Robert L. Bendick, Jr. Director,Rhode Island Dep't. of Environmental Management, 576 A.2d 115
(R.I. 1990), the Court looked to Beauchesne v. David London Co., 118 R.I. 651, 375 A.2d 920 (R.I. 1977), wherein a statutory timetable was violated by the filing of a decision nine months later than required. The Court determined that "although the statute was couched in mandatory terms, it was not mandatory in the sense that failure to comply voided the action taken." Id.
at 116. The Court went on to note that the legislature is perfectly capable of providing a sanction for non-compliance with a particular requirement of a statute. In the absence of such a sanction, the court will deem the timetable directory, rather than mandatory, and that "substantial though imperfect compliance would not vitiate the action of the agency." Id. The Law Enforcement Officers' Bill of Rights supplies sanctions for untimely responses of the charging agency or the officer in the selection of a hearing committee member, as noted supra. A specific sanction is not mentioned with regard to the conduct of the hearing under G.L. §§ 42-28.4(f) and 42-28.6-5(b), and thus the time in which to select a chairman and to convene the hearing may be considered directory, rather than mandatory. The statutory timetable was substantially adhered to and the officer failed to raise his objections at the hearing. Substantial rights of Appellant have not been prejudiced. The decision of the Hearing Committee was not in violation of constitutional or statutory provisions; accordingly, Appellant's argument regarding timeliness is unavailing.
 FINDINGS OF FACT
Appellant's next contention is that the Hearing Committee failed to provide sufficient findings of fact on which to base its decision and thus said decision is inadequate pursuant to G.L. § 42-28.6-11(b). The hearing committee may sustain, reverse or modify the charges of the investigating authority. Section42-28.6-11(a). The committee is not bound by the recommendations of the charging authority, but may call witnesses, make findings of fact, and render a decision. East Providence v. McLaughlin,593 A. 2d 1345 (R.I. 1991). The decision must be in writing, accompanied by a concise statement of facts found by the committee regarding each issue. It is not sufficient to simply present the charge followed by the conclusions and to neglect a recounting of legally competent evidence to support the committee's decision. The decision produced by the Hearing Committee in this case consisted of three documents, one prepared by each member of the Committee. The document prepared by the chairman of the Committee, Captain Robert Tavares, included a copy of the charges against Detective Tellier, a concise statement of facts found by a majority of the Committee, as well as findings of "guilty" or "not guilty." Captain Tavares also notes in his decision that reports prepared by Captain Steven Robertson and Lieutenant Ralph Ezovski are provided to elaborate on the circumstances of the incident and the findings of the Committee, and they are incorporated into the decision. Captain Robertson, the hearing member selected by the City, provided detailed determinations of the credibility of each witness. Lieutenant Ezovski, Detective Tellier's choice for the Committee, wrote separately to express his reservations regarding the thoroughness of the charging agency's investigation, and his opinion that the City failed to establish the charges based on a fair preponderance of the evidence.
The charges brought against Officer Tellier by the East Providence Police Department are based on violations of both the Code of Conduct and the Code of Ethics followed by the Department. The Committee considered five (5) separate charges against Officer Tellier.
 A. The initial charge, "Conduct Unbecoming" requires that "No member shall act in such manner so as to cast the East Providence Police Department into disrepute, or reflect discredit upon the member as an agent of the East Providence Police Department. . . ." By a vote of 2-1, the Committee found that Officer Tellier planted marijuana in the vehicle parked in the rear lot of the station, thereby disrupting the operations of the department.
 B. "Neglect of Duty" states: "No member shall make false official reports, or knowingly and willingly enter or cause to be entered into any departmental books, records, or reports, any inaccurate, false or improper information." The Committee found that Detective Tellier neglected his duty by "falsely planting marijuana in the vehicle of motorist/defendant Trent Manning," which caused "inaccurate reports and complaints to be drawn, which included false and improper charges against Mr. Manning." Pursuant to these findings, the Committee found Detective Tellier guilty by a vote of 2-1.
 C. The Code of Conduct further requires that "No member shall fabricate, withhold, or destroy any evidence of any kind." The Committee found, again by a vote of 2-1, that Detective Tellier had indeed, "retrieved an untagged and discarded baggie containing suspected marijuana . . . and planted the suspected marijuana into a vehicle being held in the lot of police headquarters."
 D. The Code of Ethics charges that each officer must use "proper means to gain proper ends" and that violations of the law by a police officer are "intrinsically wrong." The Committee found that Detective Tellier was informed of Trent Manning's arrest on motor vehicle charges and the subsequent towing of his vehicle to the East Providence Headquarters. The Committee further found that Detective Tellier "involved himself in the investigation . . . in an attempt to have the Manning subject held at headquarters. . . ." In furtherance of this effort, the Committee determined that Detective Tellier had sought out and planted the marijuana in Manning's vehicle, and then directed the K9 Unit to the area in which the marijuana had been planted. The Committee then concluded, in another 2-1 vote, that Detective Tellier was guilty of utilizing improper means to gain improper ends.
 E. The final charge requires officers to present evidence impartially and without malice, in order to further "the tradition of reliability and integrity of the officer's word." The Committee concluded that Detective Tellier displayed malice and a lack of impartiality by planting marijuana in Mr. Manning's vehicle, and sustained the final charge by a vote of 2-1.
In order to reach this decision, the Committee heard eight days of testimony and made substantial findings of fact and credibility on the record. Appellant argues that the findings in this case should be deemed insufficient, as they were in Hooperv. Goldstein, 104 R.I. 32, 241 A.2d 809 (R.I. 1968). However, inHooper, the charges were set forth, along with the votes of the committee regarding guilt. There were no findings of fact made on the record to allow a reviewing court adequate information regarding the committee's resolution of evidentiary conflicts. Contrary to Hooper, this Committee's decision concisely states the findings of fact, and supports their reasoning with determinations of credibility of the witnesses. The Committee's decision comports with the requirements of the Law Enforcement Officers' Bill of Rights and G.L. § 42-35-15.
If competent evidence exists in the record considered as a whole, the Court is required to uphold the agency's conclusions.Barrington School Committee v. Rhode Island State LaborRelations Board, 608 A. 2d 1126, 1138 (R.I. 1992). Legally competent evidence is defined as the presence of some or any evidence supporting the agency's findings. Sartor v. CoastalResources Management Council, 542 A.2d 1007, 1082-83 (R.I. 1988). After a review of the entire record, including transcripts of the eight days of hearings, the decision and supporting documents written by the Hearing Committee and the submissions of the parties, it is clear to this Court that reliable, probative and substantial evidence exists to support the Committee's decision that Detective Tellier violated both the Code of Ethics and the Code of Conduct of the East Providence Police Department. The decision of the Law Enforcement Officers' Bill of Rights' Hearing Committee is not affected by error of law or abuse of discretion. Substantial rights of Appellant have not been prejudiced. Accordingly, the decision of the Hearing Committee in the matter of Detective Russell Tellier, issued on January 5, 2004, is affirmed.
Counsel shall submit the appropriate judgment for entry.
[1] This is apparently a reference to the Supreme Court's decision In re Simoneau, 652 A.2d 459 (R.I. 1995), in which the Court held that a hearing panel had the authority to sustain, modify or reverse charges brought by the city, but not the power to dismiss. In that case, the panel did not allow the City to complete its presentation of evidence before dismissing the charges against the officer, and the Court determined that due process required that both sides must be given ample opportunity to present evidence regarding the charges.