DECISION
This matter is before the Court on appeal from a decision of a hearing committee convened in accordance with the Law Enforcement Officers' Bill of Rights, G.L. 1956 § 42-28.6-1, et. seq. More specifically, the Town has filed this appeal pursuant to G.L. §42-28.6-12 to contest the hearing committee's decision to reverse the complaint of the investigating authority relative to charges brought by the Westerly Police Department on June 2, 2005 relating to an incident that occurred on March 25, 2005.[1]
The record has been filed in accordance with G.L. §42-28.6-12(b).
 FACTS AND TRAVEL
After the charges were lodged against Officer Burton by Chief Edward Mello of the Westerly Police Department, the officer requested a hearing under the Law Enforcement Officers' Bill of Rights. A hearing committee was duly convened, and thereafter, on August 4, 2005, the chairman of the hearing committee wrote to counsel, advising that "This hearing will commence on Monday August 22, 2005 at 10:00 a.m. . . ." Prior to the August 22 hearing, the Town, as the charging law enforcement agency, did not provide Officer Burton or his counsel with a list witnesses, nor with copies of written or recorded statements of such witness, nor a list of documents or other items to be offered at the hearing.[2] On August 15, 2005, counsel for Officer Burton provided counsel for the Town a list of all witnesses known to Burton who may be called to testify at the hearing.[3] Although the decision of the committee states that there was a telephone conversation with both counsel prior to August 22, the record contains no reference or evidence relative to the nature or contents of those conversations.
The initial hearing took place on August 22, 2005. There was general discussion at that time concerning scheduling of additional hearing dates. In addition, the parties offered a document marked as Joint Exhibit 1, which consisted of a copy of the June 2, 2005 letter which outlined the alleged offenses and the sanctions imposed, as well as letters relating thereto. In addition, counsel for the Town offered a "compendium of documents" relating to the investigation as an exhibit for identification. Counsel for the officer objected, and the chairman ruled that the documents would not be marked at that time, but that their introduction would be deferred. (Tr. 8/22/05 at 4-6). Additional hearing dates during the month of September were agreed to, and the hearing concluded with the Chairman stating, "let the record reflect that we've convened this hearing, and we will be back on the 15th of September at 10:00 a.m."
At the hearing on September 15, 2005, counsel for the Town advised the hearing committee that there were some ongoing discussions of a possible consensual resolution, and that Chief Mello was to be attending the FBI Academy and would not be returning until December 16, 2005. Accordingly, counsel and the committee discussed a series of hearing dates necessitated by the Chief's anticipated absence, as well as the need to request extensions of the statutory completion date from the Presiding Justice.[4] The hearing concluded with the next hearing date scheduled for December 28, 2005.
The December 28, 2005 hearing was called to order by the chairman. Shortly thereafter, counsel for Officer Burton raised a "preliminary matter" in the nature of a motion to exclude evidence from the Town, under the theory that G.L. § 42-28.6-5(c) required disclosure of witness lists, witness statements, and a list of documents ten days prior to the commencement of the hearing; that the initial hearing occurred on August 22, 2005; that the Town did not provide the statutorily required information until October 19, 2005; and that the statute required the committee to exclude the Town's evidence due to its untimely response. Counsel for the Town objected to this interpretation of the statute, arguing that the Town's compliance was more than sixty days prior to the December hearing, and afforded Officer Burton and his counsel more than adequate opportunity to review the Town's evidence and prepare for the hearing. The Town further argued that the meetings on August 22 and September 15, 2005 did not meet the statutory definition of a "hearing," were for purposes of scheduling, and that the adoption of the officer's argument would severely prejudice the Town's opportunity to press the disciplinary charges against the officer.
After inviting and receiving legal memoranda from both sides, the hearing committee met on January 13, 2006, and voted 2-1 to exclude the Town's evidence by way of granting a motion to strike filed by Officer Burton. Both the majority and the dissent filed written analysis of their respective votes, and that analysis is part of the record.
The hearing committee met a final time on March 22, 2006.[5] Counsel for the Town attempted at that time to call Chief Mello as its witness, pursuant to an argument that the ruling of the committee did not exclude testimony of witnesses. The committee again voted 2-1 that the earlier ruling also precluded the Town from introducing any evidence whatsoever, whether testimonial or documentary, as a consequence of the Town's failure to adhere to the statutory time limit for disclosures. In a written decision dated April 21, 2006, the committee voted 2-0 in favor of Officer Burton, with one member of the committee abstaining.
 STANDARD OF REVIEW
Section 42-28.6-12 provides that appeals from decisions rendered by the hearing committee shall be to this Court, in accordance with the appellate review provisions of the Administrative Procedures Act, §§ 42-35-15 and 42-35-15.1. In pertinent part, this court's review is conducted without a jury, and is confined to the record. § 42-35-15(f). The court shall not substitute its judgment for that of the committee as to the weight of the evidence on questions of fact. Id. The court may affirm, remand, reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative decision is in violation of statutory or constitutional provisions, in excess of statutory authority, made upon unlawful procedure or affected by other error of law, or is clearly erroneous, arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. § 42-35-15(g).
 ANALYSIS
The analysis of the committee's decision to preclude all evidence offered by the Town in support of the charges against Officer Burton begins with consideration of whether or not the meeting of the committee on August 22, 2005, constitutes a hearing within the meaning of the statute. Section 42-28.6-1(3) defines "hearing" as follows:
 "`Hearing' means any meeting in the course of an investigatory proceeding, other than an interrogation at which no testimony is taken under oath, conducted by a hearing committee for the purpose of taking or adducing testimony or receiving evidence."
The meeting on August 22, 2006 clearly was not an interrogation since G.L. § 42-28.6-2 specifically refers to the conduct of an interrogation by a law enforcement agency, and provides a detailed description of the process. Accordingly, the inquiry is narrowed as to whether the August 22 meeting was conducted for the purpose of taking or adducing testimony or receiving evidence.
The letter which the chairman sent to counsel on August 5, 2005 clearly stated that "this hearing will commence on August 22, 2005," and set forth the time and place for the hearing. The statute is equally clear that "the hearing will be convened at the call of the chair," and shall commence within thirty (30) days after the selection of the chairman. G.L. § 42-28.6-5. In his brief to the committee, counsel for the Town suggests that it was understood by the parties that the purpose of the initial meeting was "to discuss proposed dates for the commencement of the substantive hearing." Town of Westerly Police Department's Memorandum of Law in Response to Officer Burton's Motion to Strike All Evidence of the Westerly Police Department" at 2. Yet there is nothing in the record, either by way of testimony or documents, which would confirm counsel's assertion that all parties and the committee agreed that the purpose of the initial meeting was exclusively for scheduling. In fact, the transcript of the proceedings of August 22 suggests to the contrary. While the meeting lasted only 22 minutes, and much of the discussion concerned scheduling issues, the parties offered, and the committee marked as Joint Exhibit 1, a copy of the charges. Tr. 8/22/05 at 4. In addition, the Town offered additional evidence in the form of a "compendium of documents," to which counsel for Officer Burton objected. The chair ruled that the documents not be marked for identification at that time without proper authentication. Tr. 8/22/05 at 6.
In light of the events that transpired on August 22, this Court cannot find that a majority of the committee committed legal error in its determination that the hearing convened on August 22, and that the Town failed to provide Officer Burton with the required disclosures at least ten days prior to that hearing. The statute makes no distinction between a "substantive" hearing and a procedural or scheduling hearing. If the meeting was conducted for the purpose of receiving evidence, which in fact the committee received and entertained on August 22, it is a hearing within the plain meaning of the statute, and the setting of that hearing triggers the Town's obligation to make the statutory disclosures. The consequence of its failure to do so is the "exclusion from the record of the hearing of testimony and/or evidence not timely disclosed." G.L. § 42-28.6-5(e).
The Court does not find that the committee's decision to exclude evidence that was not timely disclosed an abuse of discretion. In § 42-28.6-5(e), the General Assembly made it clear that a charging law enforcement agency "shall provide" witness lists, witness statements, and document lists to the law enforcement officer not less than ten (10) days prior to the hearing. The General Assembly not only provided for the required disclosures within an established time frame, but also mandated the consequence of failure to comply, by way of the statutory mandate that such failure "shall result in the exclusion from the record of the hearing testimony and/or evidence not timely disclosed." § 42-28.6-5(e) (emphasis added).
Our Supreme Court has, on various occasions, reviewed statutory language in an attempt to glean therefrom whether the legislature deemed a particular act to be mandatory or discretionary.
 "The intention of the Legislature controls our consideration of the mandatory or directory character of statutory provisions . . . If the words used in a statute are unambiguous and convey a clear and sensible meaning, we look only to those words to ascertain the intent of the Legislature . . . Words used in a statute are accorded their plain and ordinary meaning unless a contrary intent appears on the face of the statute." Roadway Express, Inc. v. R.I. Comm'n for Human Rights, 416 A. 2d 673, 674
(R.I. 1980) (citations omitted).
Here, using clear and unambiguous language, the Legislature determined that a police officer should be provided with the particulars of the charges lodged against him or her at the earliest possible time. And, unlike the situation analyzed by the Supreme Court in Washington Highway Development, Inc. v.Bendick, 576 A.2d 115 (R.I. 1990), the Legislature not only directed that a certain act be accomplished within a certain time frame, but in addition the Legislature provided a clear and mandatory sanction for the failure of the agency to comply within the directed time limitation.[6]
This case is also to be distinguished from Providence TeachersUnion, Local 958 v. McGovern, 113 R.I. 169, 319 A. 2d 358
(1974). In that case, the Court found that language requiring that arbitrators were to call a hearing within a specific time frame was not of such importance as to render the provisions mandatory as opposed to directory. Id. at 363-64. In so finding, the Court found that the sole purpose of the time provision was to have matters speedily attended to by the arbitration panel. The Court stated:
 "Provisions so designed to secure order, system and dispatch are generally held directory unless accompanied by negative words." Id. at 364
In the case under consideration, the provision for mandatory disclosure also contains a mandatory consequence of non-disclosure.[7] In addition, the Court does not consider the provision for mandatory disclosure simply an expression of the desire of the Legislature to have proceedings involving the discipline of law enforcement officers proceed with dispatch. Rather, it appears that the statute obligates both sides to make discovery-type disclosures at the earliest possible time, not only to facilitate preparation for the hearings, but also to provide all sides sufficient information to understand the nature and the quality of the evidence to be offered, thus affording all parties a meaningful opportunity to resolve matters and avoid the necessity of proceeding to the hearing process, or rebut the charges. See Roadway Express, supra, 416 A.2d 676.
Finally, the Court in In re Sabetta, 661 A.2d 80 (R.I. 1995) considered the actions of a hearing committee convened under the Law Enforcement Officers' Bill of Rights in summarily dismissing the Town's charges based on its finding that the Chief of Police had made public statements in violation of the provisions of §42-28.6-2(m). The Court reversed the dismissal by the committee, finding that the statute did not afford the committee the power summarily to dismiss charges. In the instant case, the statute clearly gave to the committee not only the power to exclude evidence as a consequence of the Town's noncompliance, but indeed made such a sanction mandatory. Accordingly, the committee herein acted within its lawful authority to exclude all testimony and evidence offered by the Town in support of the charges against Officer Burton, and ultimately to find in favor of the officer due to the Town's failure of proof.
 CONCLUSION
For the reasons stated herein, the appeal by the Town of Westerly Police Department is denied, and the decision of the hearing committee is affirmed. The parties shall prepare an appropriate form of order and judgment consistent with this decision.
[1] The decision actually found Officer Burton "Not Guilty based upon lack of evidence."
[2] G.L. § 42-28.6-5(c) provides:
 (c) Not less than ten (10) days prior to the hearing date, the charging law enforcement agency shall provide to the law enforcement officer:
 (i) a list of all witnesses, known to the agency at that time, to be called by the agency to testify at the hearing;
 (ii) Copies of all written and/or recorded statements by such witnesses in the possession of the agency; and
 (iii) A list of all documents and other items to be offered as evidence at the hearing.
[3] G.L. § 42-28.6-5(d) provides:
 (d) Not less than five (5) days prior to the hearing date, the law enforcement officer shall provide to the charging law enforcement agency a list of all witnesses, known to the officer at that time, to be called by the officer to testify at the hearing.
[4] G.L. § 42-28.6-5(b) requires completion of the hearing process within sixty (60) days of the commencement of the hearings.
[5] Before this final hearing commenced, counsel for the Town sought interlocutory intervention from the Presiding Justice, by way of a "Petition to Reverse Evidentiary Ruling of Hearing Committee." The Court denied the Petition.
[6] In the Washington Highway case, the Court found the Director's failure to issue his ruling within the six-week period allowed by statute did not, as a matter of law, invalidate the Director's decision to deny a permit, or require the automatic issuance of such a permit. Notwithstanding the seemingly mandatory language in the statute, the Court found that the six-week period for decision was directory rather than mandatory. The decision was motivated in large measure by the Legislature's failure to include in the statute a mandatory sanction for failure to meet the deadline. Id. at 117.
[7] Officer Burton cites to the case of Town of Tiverton v.Fraternal Order of Police, 118 R.I. 160, 372 A.2d 1273(1977) for the proposition that "where a statute not only directs a private person to do things within a specified time but also conditions rights on the proper performance thereof, the statute is mandatory in nature and failure to comply is judged fatal." 372 A.2d at 1275-76. That case distinguished between statutes aimed at public officers and those directed toward private individuals, further stating that it is deemed preferable not to prejudice private rights or the public interest where the fault for the delay rests with the public officer. Although arguably the Town and its counsel are to be considered public officers for purposes of this analysis, the Supreme Court has also found this analysis inapplicable in a case where the intent of the legislature was clear, and it was therefore unnecessary to resort to "interpretive aids" to understand the legislative intent. SeeRoadway Express, supra, 416 A.2d at 676.